IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 08-299-01 |
| MALIK SNELL | : | |

**SURRICK, J.**                                                    **MARCH  10 , 2009**

## MEMORANDUM & ORDER

Presently before the Court is the Government's Motion *in Limine* to Preclude Admission of Defendant's Prior Testimony as a Prior Consistent Statement. (Doc. No. 105.) For the following reasons, the Government's Motion will be granted.

## I.       BACKGROUND

Defendant Malik Snell is charged in the Second Superseding Indictment with conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951 (Count One); attempted interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951 (Count Two); using or carrying a firearm during or in relation to a crime in violation of 18 U.S.C. § 924(c) (Counts Three and Five); interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951 (Count Four); and witness retaliation in violation of 18 U.S.C. § 1513(b)(2) (Count Six). (Doc. No. 119 (Second Superseding Indictment).) Defendant's trial is scheduled to begin on Monday, March 23, 2009. This will be the second trial in this case. Defendant's first trial ended with a deadlocked jury.[1]

_____

[1] The first trial involved the original Indictment, which included only Counts One, Two, and Three. Since the first trial, the Government has added Counts Four and Five in the

The charges in Counts One through Three arise out of an incident that occurred on December 16, 2007.  The Government alleges that Defendant and two co-conspirators, Tyree Aimes and Stephon Gibson, conspired and attempted to steal drug proceeds from the residents of a Pottstown apartment.  Defendant allegedly drove the getaway vehicle and waited in the car during the home invasion.  The robbery was a failure.  After fighting with one of the apartment's residents, Aimes ran back to Defendant's waiting vehicle and Defendant drove away.  When the police tried to stop Defendant with their lights and siren on, Defendant accelerated to speeds in excess of 100 miles per hour.  The highspeed chase ended with Defendant crashing into another vehicle.  Defendant fled on foot from the scene of the accident.  The Pottstown police found Defendant hiding in a shed.

After Defendant was taken into custody, he volunteered that he was a Philadelphia Police Officer who had been carjacked and kidnapped.  Defendant was advised of his *Miranda* rights and he then gave the police officers a signed, written statement.  In the statement, he indicated that he had stopped for gas while driving his brother-in-law, Aimes, home when he was carjacked and forced to drive with the carjackers to Pottstown.  He stated that they stopped at an unknown location, the carjackers left the car, returned to the car, and drove off at a high speed. After the crash, the carjackers forced Defendant into a shed at gunpoint and told him to stay there.  Defendant retracted this statement two hours later after he saw that the police also had Aimes in custody.  Defendant's second signed, written statement explained that he had driven Aimes and Gibson to Pottsdown to pick something up, but that Aimes would not tell him what it was.  After they got to Pottstown, Aimes tried on two occasions to get inside an apartment.  On

Superseding Indictment, and Count Six in the Second Superseding Indictment.

2

the second occasion he was chased back to the car.  Aimes jumped into the car and told

Defendant to drive away, which Defendant did in a panic.

    At the first trial, Defendant testified in his own defense that Aimes asked him for a ride

to Pottstown to collect some money that was owed him; that he agreed to provide the ride in the

spirit of Christmas; that he did not know about the robbery; that he panicked when Aimes ran

back to the car after the attempted robbery; and that he fled from police in panic.  During cross-

examination, the Government impeached Defendant with the statements that he had made to

police.  Defense counsel then introduced evidence of Defendant's prior consistent testimony,

which was given at his bail hearing.  At the bail hearing, Defendant's testimony was consistent

with the testimony that he gave at trial.

## II.    DISCUSSION

The Government now seeks to preclude Defendant from offering at trial his bail hearing

testimony as a prior consistent statement under Federal Rule of Evidence 801(d)(1)(B) because

the statement was made "after the defendant was arrested, and therefore after he had a motive to

lie."  (Doc. No. 105 at 3.)[2]  The Government argues that permitting Defendant to use his bail

testimony as a prior consistent statement would be improper under Rule 801.  (*Id*. at 5.)  We

agree.

Rule 801(d)(1)(B) provides that a prior statement by a witness is not hearsay if "[t]he

---

[2]  The Government's Motion *in Limine* only concerns Defendant's bail hearing
testimony.  (*See* Doc. No. 105.)  In his response to the Government's Motion, Defendant also
argues that the second statement that he made to the Pottstown police should be admissible under
Rule 801(d)(1)(B).  (Doc. No. 115 at 2.)  The Government agrees that this statement is
admissible but not under Rule 801(d)(1)(B).  (Doc. No. 116 at 1 n.1.)  The Government advises
that it intends to use the entire statement given by Defendant to the Pottstown police after he was
taken into custody in its case-in-chief.  (*Id*.)

declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive . . . ." Fed. R. Civ. P. 801(d)(1)(B).

> The Supreme Court has said that four requirements must be met in order for prior consistent statements to be admitted into evidence under Rule 801(d)(1)(B): (1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and, (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

*United States v. Frazier*, 469 F.3d 85, 88 (3d Cir. 2006) (*citing Tome v. United States*, 513 U.S. 150 (1995); *United States v. Collicott*, 92 F.3d 973, 979 (9th Cir. 1996)).

At issue here is the fourth requirement, that is, the premotive requirement. Defendant argues that Rule 801(d)(1)(B) "does not impose strict temporal requirements that the prior statement be made before occurrence of the asserted improper influence or motive." (Doc. No. 115 at 2.) However, the Third Circuit has stated that "the premotive requirement reflects the common law temporal requirement that any motive to fabricate must have arisen after the prior consistent statement in order for the statement to be admissible." *Frazier*, 469 F.3d at 92. "The purpose of [the premotive] requirement is that, in most instances, a consistent statement that predates the motive is more likely to be truthful than a consistent statement made after the motive to fabricate arose." *Id*. at 92 (*citing Tome*, 513 U.S. at 158-59). "'[W]hether a witness had a motive to fabricate when a prior consistent statement was made is a factual question properly decided by the district court . . . .'" *United States v. Drury*, 396 F.3d 1303, 1317 (11th Cir. 2005) (*quoting United States v. Prieto*, 232 F.3d 816, 822 (11th Cir. 2000)). In making this

determination, the court should examine the parties' positions, the entire record, and the court's own judgment. *Frazier*, 469 F.3d at 93.

Here, the Government is correct that Defendant's statement at his bail hearing did not predate his motive to lie. Defendant's motive to lie arose upon his apprehension by police following his flight from the scene of the home invasion robbery. Defendant had a motive to lie regarding his role in the robbery, as well as his behavior in leading police on a dangerous high speed chase, in order to avoid prosecution and imprisonment and to save his career as a police officer. Indeed, the record reflects that after being arrested, Defendant disassociated himself from the robbery by initially telling police that he had been abducted by two armed, masked men. Defendant's motive to lie did not dissipate in the following months. When Defendant testified at his bail hearing, he had the same motive to lie. Therefore, the fact that statements made by Defendant at his bail hearing and trial are consistent does not render them more likely to be truthful considering the fact that each statement was made after the motive to lie arose. *See United States v. Trujillo*, 376 F.3d 593, 611 (6th Cir. 2004) ("[W]e conclude that [the defendants'] prior consistent statements were made after they had formed their motive to lie. It is simply not believable to suggest that, a day or two after [the defendants] were stopped with more than fifty kilograms of marijuana in their car and were subsequently arrested, they did not have a motive to lie, regarding the source of the marijuana, in order to get lenient treatment."); *United States v. Esparza*, 291 F.3d 1052, 1055 (8th Cir. 2002) (finding that, where the defendant was found with several boxes of drugs and told police that he did not know what was in them, the defendant "had the same motive to lie at the time of his statement to the officer as he did at the trial, and so his statement was not admissible to rebut a charge of recent fabrication").

Accordingly, we will grant the Government's Motion.  Defendant's prior testimony at the bail hearing concerning his version of events on the day of the robbery cannot be used as a prior consistent statement under Rule 801(d)(1)(B).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
         :       CRIMINAL ACTION
         v.         :
         :       NO. 08-299-01
MALIK SNELL          :

## ORDER

AND NOW, this __10th__ day of March, 2009, upon consideration of the Government's

Motion *in Limine* to Preclude Admission of Defendant's Prior Testimony as a Prior Consistent

Statement (Doc. No. 105), and all documents submitted in support thereof and in opposition

thereto, it is ORDERED that the Motion is GRANTED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge