IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      : 
                                 :            CRIMINAL ACTION
           v.                       : 
                                 :            NO. 08-299-01
MALIK SNELL                        :

**SURRICK, J.**                                                **MAY __28__, 2009**

### <u>MEMORANDUM</u>

Presently before the Court is Defendant Malik Snell's Motion in Limine to Preclude Government's Rule 404(b) Evidence. (Doc. No. 171.) For the following reasons, Defendant's Motion will be granted in part and denied in part.

**I.**    **BACKGROUND**

    **A.**    **Indictment and First Trial**

On May 27, 2008, the grand jury returned an indictment charging Defendant Malik Snell ("Defendant"), a Philadelphia Police Officer, and co-defendants Tyree Aimes and Stephon Gibson with conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951 (Count One); attempted interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951 (Count Two); possession of a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three); and aiding and abetting in violation of 18 U.S.C. § 2. (Doc. No. 12.) These charges arose out of an attempted home invasion robbery that occurred in Pottstown on December 16, 2007. The purpose of the robbery was to steal proceeds of illegal drug sales that were being kept in a safe at the Pottstown address. Trial was scheduled for October 16, 2008. (Doc. No. 75.) Aimes and Gibson entered pleas of

guilty and agreed to cooperate with the Government.  (Doc. Nos. 77-77, 82-83.)

Prior to the first trial, the Government filed a motion *in limine* to admit Rule 404(b) prior bad act evidence against Defendant.  The evidence to be introduced at trial was the testimony of two drug dealers, Keino Herring and Hector Jauregui, and involved the theft of illegal drug proceeds by Defendant.  The Government's motion was granted because Defendant was offering a "mere presence" defense to the charges of participating in the Pottstown robbery.  At trial, Defendant testified in his own defense that Tyree Aimes asked him for a ride to Pottstown to collect some money that was owed him; that he agreed to provide the ride for Aimes and co-conspirator Stephon Gibson in the spirit of Christmas; that he did not know about the robbery; that he panicked when Aimes ran back to the car after the attempted robbery; and that he fled from police in panic.  Defendant maintained that he was merely present at the scene of the crime and that he did not know the purpose of the trip to Pottstown or what occurred in the Pottstown apartment.  The Government ultimately chose not to introduce this Rule 404(b) evidence at trial.

The trial of Defendant ended in a mistrial when the jury deadlocked on all counts.  (Doc. No. 92.)

**B.    Superceding Indictment**

After the first trial, the Government filed a Superceding Indictment which included the original counts and two additional counts:  interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951 (Count Four); and using or carrying a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Five).  (Doc. No. 100.)  These charges arose out of the robbery of a drug dealer named Ricardo McKendrick, Jr.  It is alleged that on December 14, 2007, Defendant, in police uniform and driving a Dodge Intrepid that was

2

outfitted like a police car, stopped McKendrick and took $40,000 in drug proceeds that were in a bag in McKendrick's vehicle.

### C.      Second Superceding Indictment and Second Trial

On March 3, 2009, the Government filed a Second Superceding Indictment, which added the charge of witness retaliation in violation of 18 U.S.C. § 1513(b)(2) (Count Six).  (Doc. No. 119.)  Count Six alleged that on January 30, 2009, Defendant threatened harm to Keino Herring and Ricardo McKendrick, Jr., in retaliation for their cooperation with federal law enforcement authorities.

Defendant went to trial on Counts One through Six of the Second Superceding Indictment on March 24, 2009.  The Government moved to introduce two incidents of Rule 404(b) evidence against Defendant, one through the testimony of Aimes and the other through the testimony of Herring and Jauregui.  Defendant raised no objection to this Rule 404(b) evidence and the Government was permitted to present the testimony of Aimes, Herring, and Jauregui.

Aimes testified that on several occasions in December 2007, Defendant instructed Aimes and Gibson to "case" houses suspected of being involved in drug activity.  Aimes testified that he observed Defendant using a black Dodge Intrepid, which was outfitted like a police car, to perform a car stop on a woman coming out of one of the suspected drug houses.  Later that day, Defendant gave Aimes approximately one pound of marijuana, telling Aimes that he got ten pounds of marijuana from the car stop.  The Government offered evidence of Defendant's dealings with Aimes and Gibson in the days prior to the Pottstown robbery in order to prove that Defendant possessed the requisite knowledge and intent to commit the robbery of drug dealer proceeds on December 16, 2007, and to rebut his "mere presence" defense.  The Government

3

also contended that evidence of the previous dealings among Defendant, Gibson, and Aimes related to the theft of drug proceeds explained why the three co-conspirators trusted each other and why there was no need to discuss the method or the robbery during the trip up to Pottstown.

Keino Herring testified that he arranged to purchase $170,000 worth of cocaine from drug dealer Hector Jauregui.  At the same time, Herring hired Defendant to steal back the $170,000 in drug proceeds from Jauregui.  After the drug transaction between Herring and Jauregui's drug runner, Defendant performed a police stop and took the money from Jauregui's drug runner. Herring paid Defendant approximately $50,000 out of the $170,000 for his role in the crime. Jauregui testified that he arranged to sell the cocaine to Herring for $170,000, but that he never received the money because it was stolen from his drug runner by a police officer.

At the second trial, Defendant again testified in his own defense, consistent with his testimony at the first trial.  The jury found Defendant not guilty of the charges in Counts Five and Six, but deadlocked on Counts One through Four.  (Doc. No. 153.)  We entered a Judgment of Acquittal/Not Guilty on Counts Five and Six (Doc. No. 155) and declared a mistrial on Counts One through Four (Doc. No. 153).

### D.    Third Trial and Rule 404(b) Motion

Defendant's third criminal trial is scheduled to begin on June 1, 2009, on Counts One through Four of the Second Superseding Indictment.  Defendant now moves to preclude the Government from introducing the Rule 404(b) evidence from Aimes, Herring, and Jauregui at the third trial.  (Doc. No. 171.)

## II.    DISCUSSION

Defendant argues that "this Court should carefully reevaluate its prior orders granting the

4

Government's Motions in Limine to Admit Rule 404(b) Evidence as the Court's rationale for previously permitting such evidence no longer exists."  (Doc. No. 171 at 3.)  Defendant argues that the Government has no legitimate need for the Rule 404(b) evidence now that, in addition to the Pottstown attempted robbery, the Second Superceding Indictment charges Defendant with a "separate and distinct" Hobbs Act robbery:  the December 14, 2007 robbery of $40,000 in drug proceeds from McKendrick.  (*Id*. at 3-4, 7-8.)  The Government responds that

> [w]ith respect to the Pottstown robbery, the [D]efendant has raised the 'mere presence' defense in both of the prior trials, and in both instances, the jury was unable to reach a verdict on those counts.  The issue of the [D]efendant's mental state is apparently a difficult one to prove.  The [G]overment submits that the Rule 404(b) evidence is necessary *additional* proof that the [D]efendant in fact had the requisite intent.

(Doc. No. 174 at 4 (emphasis in original).)

Federal Rule of Evidence 404(b) does not allow evidence of other crimes or acts to be used "to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  Such evidence, however, may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  *Id*.  The Third Circuit applies a four-part test to determine whether Rule 404(b) evidence should be admitted:  "'(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402;[1] (3) its probative value must outweigh its potential for

---

[1] Rule 402 provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

unfair prejudicial effect under Rule 403;[2] and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.'" *United States v. Moore*, 375 F.3d 259, 263-64 (3d Cir. 2004) (quoting *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002)); *see also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).  Factors to consider in performing Rule 403 balancing in the Rule 404(b) context include

> the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

1 Kenneth S. Braum et Al., McCormick on Evidence § 190 (6th ed. 2006).

### A.    Evidence from Aimes

Defendant has defended his presence at the scene of the Pottstown robbery by claiming (1) that he did not know of Aimes's and Gibson's criminal purpose in traveling to Pottstown and (2) that he did not share their criminal intent.  If believed, Aimes's testimony that Defendant, Aimes, and Gibson conspired to steal drug proceeds in the weeks leading up to the Pottstown robbery makes it less likely that Defendant's participation in the robbery scheme was done with innocent intent and without knowledge of the planned crime.  The Rule 404(b) evidence from Aimes is very probative of Defendant's knowledge and intent.  Moreover, the Government's need for this evidence remains strong, even after the Government's decision to supercede the

---

[2] Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

6

original Indictment and charge Defendant with the additional Hobbs Act robbery of Ricardo McKendrick, Jr.  The evidence supporting the new charge does not address Defendant's cooperation with Aimes and Gibson or his familiarity with their criminal behavior.  Accordingly, the addition of the new charge does not negate the Government's need for the Rule 404(b) evidence from Aimes.  Therefore, our ruling concerning the admission of the Rule 404(b) evidence from Aimes remains the same.  Consistent with *Huddleston*, we will offer limiting instructions both at the time that the evidence is admitted and in the final jury instructions.

> **B.      Evidence from Herring and Jauregui**

We come to a different conclusion with regard to the Rule 404(b) evidence from Herring and Jauregui.  Prior to the first trial, we ruled that the Government could introduce Rule 404(b) evidence through the testimony of Herring and Jauregui.  At that time, Defendant was charged only with crimes associated with the attempted robbery in Pottstown.  The Government did not seek to admit Rule 404(b) evidence from Aimes until the second trial.  In conducting the Rule 403 balancing, we recognized that the Government's need for the evidence was strong because Defendant placed his intent directly at issue by employing the "mere presence" defense.  We reasoned that Herring's testimony, if believed, that Defendant participated in a separate Hobbs Act robbery of drug proceeds made it less likely that Defendant accompanied Aimes and Gibson to Pottstown with innocent intent.  Now, however, Defendant is charged with a separate Hobbs Act robbery involving drug proceeds, that is, the December 14, 2007 robbery of Ricardo McKendrick, Jr.  The inclusion of this new charge obviates the need for Rule 404(b) evidence from Herring and Jauregui.  We admitted the Herring and Jauregui evidence originally because the Government needed the evidence to satisfy its burden of proof at trial.  In light of both the

7

new robbery charge and the evidence from Aimes, we find that the Government's need for the evidence from Herring and Jauregui is greatly diminished and is now substantially outweighed by the danger of unfair prejudice to Defendant.  Accordingly, we will exclude the Rule 404(b) evidence that the Government intended to introduce through Herring and Jauregui.

**III.    CONCLUSION**

For these reasons, Defendant's Motion will be granted in part and denied in part.

An appropriate Order will follow.

BY THE COURT:

_____

R. Barclay Surrick, J.

8