IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 08-299 |
| v. | : | |
| | : | CIVIL ACTION NO. 14-3756 |
| MALIK SNELL | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                       **MARCH  17 , 2015**

      Presently before the Court is Petitioner Malik Snell's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 267.)  For the following reasons, the Motion will be denied.

**I.  BACKGROUND**

      Malik Snell was a police officer in Philadelphia.  (June 5, 2009 Trial Tr. 9, ECF No. 218.)  On December 16, 2007, he drove his brother-in-law, Tyree Aimes, and a friend, Stephon Gibson, to an apartment building in Pottstown.[1]  (June 5 Trial Tr. 25-32.)  The purpose of the trip was robbery.  Snell had his loaded .380 caliber firearm with him in the center console of the car.[2]  (June 5 Trial Tr. 58, 90-91.)  When they arrived in Pottstown, Snell remained in the car while Aimes and Gibson attempted to forcibly enter Sharon Minnick's apartment.[3]  (June 5 Trial Tr. 45; June 2, 2009 Trial Tr. 101-02, 223-25, ECF No. 215.)  Aimes was chased off by a resident, but Gibson got in, restrained Minnick, and rummaged through the apartment.  (June 5 Trial Tr.

---

[1] For a more detailed description of the factual background, see *United States v. Snell*, No. 08-299, 2013 WL 5676354, at *1-2 (E.D. Pa. Oct. 18, 2013).

[2] This was Snell's personal weapon, not his police-issued revolver.  (June 5 Trial Tr. 91.)

[3] Minnick was holding approximately $2000 in a safe under her bed for a drug dealer named Keith Robinson.  (June 5 Trial Tr. 100-101, 106.)

45-47; June 2 Trial Tr. 102-04, 223-225.) Aimes ran to Snell's waiting car and the two drove away from the building. (June 5 Trial Tr. 47-49; June 2 Trial Tr. 225-26.)

In the meantime, Minnick had freed herself and called the police. (June 2 Trial Tr. 104.) The officers responding to the call saw Snell's car exiting the parking lot and followed it. (June 5 Trial Tr. 54-56; June 2 Trial Tr. 226.) Snell fled, leading the officers on a high-speed chase at speeds of over 100 miles per hour. The chase ended with Snell crashing into the side of another vehicle at an intersection.[4] (June 5 Trial Tr. 55-56, 103; June 2 Trial Tr. 226.) Snell then fled on foot and hid in a nearby shed, where a police dog ultimately found him. (June 5 Trial Tr. 56-58; June 2 Trial Tr. 228.)

In June 2009, a jury in the Eastern District of Pennsylvania found Snell guilty of: (1) conspiracy to interfere with interstate commerce by robbery; (2) attempted interference with interstate commerce by robbery; (3) carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and (4) interference with interstate commerce by robbery.[5] (*See* ECF No. 232.) He was sentenced to a total of 360 months in prison. (*Id.*)

Snell did not file post-trial motions. He did, however, file appeals in the United States Court of Appeals for the Third Circuit and in the United States Supreme Court. Both of the appeals were unsuccessful. *See Snell v. United States*, 132 S. Ct. 532 (2011) (denying writ of certiorari); *United States v. Snell*, 432 F. App'x 80, 86 (3d Cir. 2011). Snell thereafter filed a motion for a new trial under Federal Rule of Criminal Procedure 33, asserting newly-discovered evidence. That motion was denied. *See Snell*, 2013 WL 5676354, at *6. Snell's appeal to the Third Circuit from that denial was recently denied. *See United States v. Snell*, No. 13-4337,

---

[4] The crash caused permanent injury to a passenger in the other vehicle.

[5] In Count 4, the jury also found Snell guilty of a separate robbery of drug proceeds from drug dealer Ricardo McKendrick. In addition, the jury heard Rule 404(b) evidence that Snell had committed three other robberies of drug dealers.

2015 WL 775109 (3d Cir. Feb. 20, 2015).  Failing to secure relief elsewhere, Snell filed this § 2255 Motion in June 2014.  (ECF No. 267.)  On September 29, 2014, the Government filed a response.  (ECF No. 275.)

## II.     LEGAL STANDARD

Under § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the Court may in its discretion hold an evidentiary hearing on a § 2255 petition — *see Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) — such a hearing need not be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III.    DISCUSSION

Snell argues that his conviction for violating § 924(c) must be set aside under the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014).  We are satisfied that Snell's Motion is untimely.  Moreover, *Rosemond* does not apply to Snell's case.  The Motion will therefore be denied and no certificate of appealability will issue.

### A.     Timeliness

Section 2255 motions are subject to a one-year statute of limitations. Under subsection (f), that one-year clock starts to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A conviction becomes final under § 2255(f)(1) when the Supreme Court denies the litigant's timely filed petition for certiorari. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, the Supreme Court denied Snell's petition for certiorari on October 31, 2011. The limitations period began that day and expired one year later, on October 31, 2012.[6] Snell did not file his § 2255 Motion until June 16, 2014, almost 20 months after the deadline had passed. Therefore the Motion is untimely under subsection (f)(1).

Snell relies on subsection (f)(3). Under that subsection, the limitations period begins when the new right on which the habeas action is based was first recognized by the Supreme Court and given retroactive application to cases on collateral review. 28 U.S.C. § 2255(f)(3). Snell bases his Motion on the allegedly "new" rule announced in *Rosemond*, which was decided on March 5, 2014. *See Rosemond*, 134 S. Ct. at 1240. Since he filed this Motion in June 2014, he argues that it is timely under § 2255(f)(3). He is incorrect.

---

[6] We note that Snell's Rule 33 motion did not toll the statute of limitations. *See*, *e.g.*, *United States v. Redd*, 562 F.3d 309, 312 (5th Cir. 2009) (collecting cases).

4

Subsection (f)(3) concerns new rules only.  A new rule is one that is not dictated by precedent.  *See Teague v. Lane*, 489 U.S. 288, 301 (1989).  *Rosemond* held that a defendant cannot be liable for aiding and abetting the carrying of a firearm in relation to a crime of violence unless he has foreknowledge that a confederate will be armed.  134 S. Ct. at 1249-51.  Although there appears to be no precedential authority on whether this rule qualifies as "new" within the meaning of § 2255, the consensus among courts that have considered the question is that it does not.[7]  *See, e.g., Rodriguez v. Thomas*, No. 14-1121, 2015 WL 179057, at *5 (M.D. Pa. Jan. 14, 2015); *United States v. Foreman,* No. 02-135, 2014 WL 4403445, at *1 (N.D. Ok. Sept. 5, 2014).

Furthermore, it is not clear that *Rosemond* has retroactive application to cases on collateral review, as § 2255(f)(3) requires.[8]  Again, the consensus suggests that it does not.  *See, e.g., Moreno v. Snyder-Morse*, No. 14-106, 2015 WL 82418, at *4 (E.D. Ky. Jan. 6, 2015); *Montana v. Cross*, No. 14-1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014); *Martinez v. United States*, No. 14-1359, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014).

In any event, we need not decide whether *Rosemond* is a new rule with retroactive application to the case at bar, since it clearly does not apply to Snell's case.  *Rosemond* says that an unarmed defendant cannot aid and abet a § 924(c) violation unless he has foreknowledge that his confederate will carry or use a firearm during the crime of violence.  134 S. Ct. at 1249-51.

---

[7] In reaching that conclusion, courts determined that *Rosemond*'s holding was driven by precedent and established authority.  *See Rodriguez,* 2015 WL 179057 at *5; *Foreman*, 2014 WL 4403445 at *1; *see also Rosemond*, 134 S. Ct. at 1245-49; *cf. Chaidez v. United States*, 133 S. Ct. 1103, 1107-13 (2013) (explaining how the holding of *Padilla v. Kentucky*, 559 U.S. 356 (2010), qualifies as a new rule in the post-conviction context since it is not dictated by precedent).

[8] District courts and courts of appeals can decide whether a decision is retroactive for § 2255(f)(3) purposes.  *See United States v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003).  This is in contrast to the § 2244 context, where retroactive application can only be authorized by the Supreme Court itself.  *See id.* at 485.

*Rosemond* further holds that the foreknowledge must exist early enough that the defendant can abandon the plan. *See id.* at 1249. *Rosemond* contemplated an unarmed (and potentially unknowing) defendant aligned with armed co-conspirators. *Id.* at 1246 ("[A]s [Rosemond] tells it, he took no action with respect to any firearm. He did not buy or borrow a gun to facilitate the narcotics deal; he did not carry a gun to the scene . . ."). That fact was central to the Court's reasoning. *See id.* at 1244, 1249-52. Here, it is undisputed that Snell himself was the one with the gun. (June 5 Trial Tr. at 90-91.) The difference is dispositive. Snell cannot invoke *Rosemond* to claim he lacked the requisite foreknowledge that a gun would be present, when *he* was the one who brought it to the robbery. *Rosemond* provides no support to Snell and cannot render his Motion timely under § 2255(f)(3).

We note that a convincing claim of actual innocence can serve as gateway through which a habeas litigant may overcome untimeliness — *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013)[9] — and that Snell does argue actual innocence of the § 924(c) conviction under *Rosemond*. (ECF 267.) Since *Rosemond* does not apply to Snell, his claim of actual innocence, grounded in that case, falls far short of "convincing." Moreover, as the Third Circuit observed in its opinion denying his appeal, the evidence of Snell's guilt was more than sufficient. *Snell*, 432 F. App'x at 85 n.7. We would suggest that it was overwhelming. Accordingly, the actual innocence claim cannot overcome his untimeliness under *McQuiggin*.[10] *See United States v.*

---

[9] A convincing claim of actual innocence requires a demonstration that no reasonable juror would have voted to find the petitioner guilty of the offense. *McQuiggin,* 133 S. Ct. at 1928. Only extraordinary cases will meet that high standard. *See id.* ("[T]enable actual-innocence gateway pleas are rare.").

[10] To the extent that Snell argues actual innocence independent of *Rosemond* — that he cannot be guilty of aiding and abetting the carrying of a firearm during a crime of violence when he was the one with the gun and his co-conspirators were unarmed — this too is unavailing.


*Baxter*, 761 F.3d 17, 31-33 (D.C. Cir. 2014); *Stewart v. Cate*, 757 F.3d 929, 937-40, 943 (9th Cir. 2014); *see also Coleman v. Lemke*, 739 F.3d 342, 349, 354 (7th Cir. 2014).

The record conclusively shows that Snell is entitled to no relief, and therefore no hearing is necessary to rule on this matter. *See* 28 U.S.C. § 2255(b). Since Snell's Motion is meritless and time-barred under both §§ 2255(f)(3) and (f)(1),[11] the Motion will be denied.

### B. Certificate of Appealability

To qualify for a certificate of appealability, a habeas litigant must demonstrate, among other things, that reasonable jurists would debate whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Since no reasonable jurist could disagree with the conclusion that Snell's Motion is irredeemably time-barred, no certificate of appealability can issue. *See id.*

### IV. CONCLUSION

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied and no certificate of appealability will issue.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

---

[11] Snell does not contend that his Motion is timely under §§ 2255(f)(2) or (f)(4), nor would such arguments be plausible on this record.